José Ruiz Sevilla, demandante y apelante, *v.* Angel Umpierre, demandado y apelado.

No. 6157.—*Sometido:* Mayo 24, 1933. *Resuelto:* Julio 19, 1933.

*R. Rivera Zayas,* abogado del apelante; *Celestino Iriarte* y *F. Fernández Cuyar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

José Ruiz Sevilla otorgó como arrendador contrato de arrendamiento en favor de Angel Umpierre. Éste debía pagar $125 mensuales y las contribuciones. El contrato de arrendamiento contenía también la cláusula de que "la parte que falte al cumplimiento de este contrato indemnizará a la otra con una suma no menor de $500." La demanda en el presente caso fué radicada con el objeto de recobrar los cánones de arrendamiento correspondientes a los meses de junio, julio y parte de agosto, ascendentes a $349.84, más las contribuciones, que importaban $168.80, así como también la penalidad de $500. La corte de distrito dictó sentencia en favor del demandante por la suma de $518.64, por la renta y las contribuciones, pero se negó a dictar sentencia por la penalidad de $500.

Lo que sucedió en este caso fué que en la finca arrendada había una casa que fué destruída por el fuego y no restituída por el arrendador. Al interpretar el contrato de arrendamiento la corte, como una de sus razones para negarse a imponer la penalidad, resolvió que cada uno de los contratantes había dejado de cumplir con los términos del contrato. Se nos hace difícil ver cómo el arrendador dejó de cumplir con los términos del contrato de arrendamiento, cuando de acuerdo con la ley él no tiene obligación de hacer otra cosa que las reparaciones. El no está obligado a reconstruir la casa.

Sea ello como fuere, convenimos con el apelado en que la sentencia debe ser confirmada en vista de las disposiciones de los artículos 1120 y 1121 del Código Civil, antigua edición, que leen como sigue:

"Art. 1120.—En las obligaciones con cláusula penal, la pena substituirá a la indemnización de daños y al abono de intereses en caso de falta de cumplimiento, si otra cosa no se hubiere pactado.

"Sólo podrá hacerse efectiva la pena cuando ésta fuere exigible conforme a las disposiciones del presente Código.

"Art. 1121.—El deudor no podrá eximirse de cumplir la obligación pagando la pena, sino en el caso de que expresamente le hubiese sido reservado este derecho. Tampoco el acreedor podrá exigir conjuntamente el cumplimiento de la obligación y la satisfacción de la pena, sin que esta facultad le haya sido claramente otorgada."

Si bien es cierto que estos artículos hablan más bien del derecho del arrendador a elegir la penalidad, que de daños y perjuicios, no obstante, el artículo 1121 al final dice claramente que la persona en cuyo favor exista una penalidad debe hacer una elección. Al decir el artículo 1121 que el acreedor no puede exigir conjuntamente el cumplimiento de la obligación y la satisfacción de la pena, a menos que esta facultad le haya sido claramente otorgada, el código quiere decir a menos que el contrato especifique que tanto la penalidad como los daños y perjuicios hayan sido estipulados y que se haya hecho constar que pueden obtenerse de acuerdo con el contrato celebrado por las partes. Este razonamiento está sostenido por 8 Manresa 238.

En este caso el demandante trató de cobrar tanto la penalidad como el importe de los cánones y las contribuciones, y, a tenor de las disposiciones del Código Civil, debe limitarse al cobro realmente concedido.

■ El apelante también se queja de que se dejaran de imponer las costas, pero la regla corriente de este tribunal es generalmente no ir contra la discreción de la corte inferior cuando el demandante ha solicitado una suma independiente a que no tenía derecho.

*La sentencia apelada debe ser confirmada.*